FRED W. SPREEN *v.* SAMUEL J. WHITNEY, ET AL.

**Alteration of Mining Lease.**
> Where a written mining lease is executed and acknowledged but is taken away and kept in the possession of the lessee for some time before being returned for record, and when returned it has been altered in material parts, so as to give possession of the land for agricultural purposes to the lessee, the lessor is entitled to take the possession of such land for such purposes.

APPEAL FROM BRECKINRIDGE CIRCUIT COURT.

April·7, 1876.

OPINION BY JUDGE PETERS:

The appellant, Spreen, and Samuel J. Whitney, entered into a contract evidenced by an instrument partly written and partly printed, bearing date the 8th day of November, 1866, which, after stating the date, names of the parties, and their residences, contains the following clause in print; viz., "Witnesseth: that the party of the first part, in consideration of twenty-five thousand dollars to them in hand paid by the party of the second part, the receipt whereof is hereby acknowledged, and also by agreements hereinafter mentioned on the part of the party of the second part, to be done, kept, and performed, doth hereby covenant and agree to let and lease, and doth hereby let and lease unto the party of the second part, his heirs, executors, administrators and assigns, all that certain tract or parcel of land situated in the state of Kentucky, county of Breckinridge, which is bounded and described as follows, to wit."

The lands are then described by metes and bounds in writing, to which is added also in writing: "To have and to hold the same to the said Samuel J. Whitney, his heirs, executors, administrators and assigns for and during, and unto the full end and term of ninety-nine years commencing on the day and date first above written;" and then comes the following paragraph in print: "With the sole and exclusive right to bore, dig and mine for oil, or for any other mineral or natural production in or under the soil or surface of said premises, and to place, erect and use upon said premises, all such buildings, fixtures, and machinery of any kind as may be proper and necessary in the opinion of the party of the second part, his heirs, executors, administrators and assigns for such boring, digging or mining, or for refining, smelting, cleansing or preparing in any manner for market, any of said oils or minerals or natural productions of any kind, to have and to hold to the party of the second part, his

heirs, executors, administrators and assigns said premises, and said right to bore, dig and mine, and to place, erect and use upon said premises such buildings, fixtures and machinery as are above mentioned and all the rights and privileges and appurtenances herein granted by the party of the first part to the party of the second part."

After this, at the bottom of the page, is added in manuscript these words: "The party of the second part, his heirs, executors, administrators and assigns shall have the right to cultivate and use the soil for all purposes; also the entire and exclusive use of all houses and outbuildings with the right to remove the same."

Then the following printed matter is added: "The party of the second part hereby agrees to give said party of the first part, their heirs or assigns one full one-twentieth part of the product of oil or other mineral or natural productions, which shall be produced by boring, mining or digging as aforesaid upon said premises as rental therefor." After some two and a half lines erased, follow these words in print: "And shall belong exclusively to the said party of the first part, their heirs and assigns, after the expenses of boring, digging and mining and smelting shall have been deducted. It is further covenanted and agreed by and between the parties aforesaid that the party of the second part, his heirs, executors, administrators or assigns shall, during the continuance of this lease, have the free and unobstructed right of way to and from, across or upon said tract of land, and the right to remove any or all such buildings, fixtures and machinery as shall be placed or erected upon, affixed to or used upon said premises by said party of the second part, his heirs, executors, administrators or assigns." To this the following sentence in writing is added: "Also the right to construct all roads, railroads and by-ways necessary and proper for carrying on and conducting the operations of mining, boring, digging and smelting aforesaid; and also the right to the use of timber, wood, coal and water and other materials for the use of furnaces, engines, etc., and all materials for the construction of the necessary buildings, machinery, etc., for carrying on and continuing in operation the business aforesaid."

This lease was assigned in writing bearing date the 10th of September, A. D. 1866, by Whiting to Withers, Robinson & Caldwell, and acknowledged by Whiting before the deputy clerk of the Breckinridge county court on the 15th of October, 1866, as he certifies. And on the last named day he states in a certificate that the

lease was acknowledged by Spreen and wife, and Whiting, but he fails to certify on what day the acknowledgment was made by them.

In February, A. D. 1874, this suit was brought by Spreen against Whiting and his assignees, alleging, after setting out what he affirms are the true terms of the lease, that it was executed and acknowledged before the deputy clerk of the Breckinridge county court, by the parties thereto, on the 8th of September, 1874; that said deputy clerk permitted said Whiting to take the lease from his possession before it was recorded, without the knowledge or consent of him, said Spreen; that while said Whiting had possession he fraudulently, without the knowledge and consent of said Spreen, interpolated changes and alterations to said lease in material parts, taking thereby important rights from said Spreen and greatly enlarging the rights and privileges of him, the said Whiting, and adding largely to his, the said Whiting's, interests; and that the material alteration in said instrument was made by adding to the same at the bottom of the first page these words: "The party of the second part, his heirs, executors, administrators and assigns, shall have the right to cultivate and use the soil for all purposes, also the entire and exclusive use of all houses and outbuildings with the right to remove the same."

It can scarcely be doubted that the instrument was executed on the 8th of September, 1866. It bears date on that day, the stamps attached to it were cancelled on that day, as appears upon them, and the deputy clerk fails to certify that the acknowledgment was made on the day his certificate bears date, the 15th of October, 1866; but it had been acknowledged before that day. The instrument, therefore, bears evidence of the fact that the acknowledgment of its execution was made on the day it bears date; but besides that there is positive evidence that it could not have been acknowledged by the lessors on the 15th of October, 1866, because they were in Cincinnati, Ohio, on that day.

The next important inquiry is, In whose possession was the writing from about the 8th of September, 1866, to the 15th of October, following? The written assignment on it from Whiting to Withers and others bears date the 10th day of September, 1866, and the fact is recited in the assignment that the assignees were then citizens of Philadelphia, Pennsylvania. The conclusion is, therefore, irresistible that the assignment was made in the city of Philadelphia. There is no evidence that the assignees were in Kentucky. It is, therefore, evident that Whiting had the lease in Philadelphia when

he assigned it, and that it must have been executed by Spreen, and before that day.

Having possession of the instrument, he had the opportunity to made the addition if he was disposed to do so. There was a motive to make the addition; it certainly gave him larger interests; he thereby acquired the right to use the land for farming purposes, and the houses, etc., for any purpose that he might desire.

However, from an inspection of the paper, we are satisfied the addition is not in the same handwriting as the other manuscript in the instrument, and we incline to the conclusion that it was not written at the time the other writing was done. The addition is inconsistent with other parts of the instrument, and does not have the appearance of having been written at the same time as the other parts of the instrument.

Wherefore the judgment is *reversed* and the cause is remanded with directions to enter a judgment in favor of appellant, awarding him possession of the land described in the lease, and that the rents due from McGavok be paid over to Spreen and for further proceedings consistent herewith.

*Kincheloe, Eskridge, Haswell, for appellant.*
*James R. Challen, for appellees.*